**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JIMMIE SIMPSON,
ADC #092157                                                                  PLAINTIFF

V.                                3:05CV00003 SWW/JTR

DICK BUSBY, Sheriff of
Crittenden County, et al.                                          DEFENDANTS

**ORDER**

On October 24, 2006, Defendants filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Indisputable Material Facts. *See* docket entries #67, #68, and #69. The Court concludes that a Response from Plaintiff, who is represented by appointed counsel, would be helpful to the resolution of that Motion. *See* docket entries #46 and #48.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means that Plaintiff's Response must include affidavits,[1] prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at the Evidentiary Hearing scheduled for December 5, 2005. *See* docket entry #60. Furthermore, pursuant to Local Rule 56.1, Plaintiff must also separately file a Statement of Indisputable Material Facts, which lists: (a) any disagreement he has with the specifically numbered factual assertions contained in Defendants' Statement of Indisputable Material Facts (docket entry #69); and (b) any other disputed facts that he believes must be resolved at a

---

[1] The affidavit must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

hearing or trial.[2]  Finally, Plaintiff is advised that if he intends to rely upon grievances or records that have been previously filed with the Court, he must specifically refer to those documents by docket number, page, date, and heading.  The Court will not sift through the file to find support for Plaintiff's factual contentions.  *See Crossley v. Georgia-Pacific, Corp.*, 335 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff shall file, **within eleven days of the entry of the Order**, a Response to Defendant Motion for Summary Judgment (docket entry #67).  That Response must comply with the Fed. R. Civ. P. 56, Local Rule 56.1, and the instructions set forth in this Order.

2. Plaintiff is advised that the failure to timely and properly comply with this Order could result in all of the facts set forth in Defendant's summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c).

Dated this  25th   day of October, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Specifically, Defendants' Statement of Indisputable Material Facts contains 54 separately numbered paragraphs containing assertions of allegedly undisputed fact.  *See* docket entry #69.  Plaintiff's Statement of Disputed Facts must contain 54 separately listed paragraphs that respond directly to each of Defendants' corresponding paragraphs.  For instance, Plaintiff's paragraph 1 should state whether he agrees or disagrees (and why) with only the factual assertions contained in paragraph 1 of Defendants' Statement of Indisputable Material Facts. After Plaintiff has done so for each of Defendants' 54 separate paragraphs, Plaintiff may list (in separately numbered paragraphs starting with 55), any additional disputed material facts that he believes must be resolved at a hearing or trial.